UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.*, | Case No. 3:14-cv-368 |
| Plaintiffs, vs. | |
| K-COR, LLC, *et al.*, | District Judge Thomas Rose |
| | Magistrate Judge Michael J. Newman |
| Defendant. | |

## AGREED JUDGMENT ENTRY AS TO DEFENDANT K-COR, LLC ONLY

Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Pension Trust, and Annuity Trust (collectively "Plaintiffs") filed a complaint against Defendant K-Cor, LLC ("K-Cor") (Plaintiffs and Defendant K-Cor shall be referred to collectively as "Parties"), among others, on October 27, 2014. In addition to injunctive relief, Plaintiffs sought to recover all unpaid employer fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs.

The Parties have determined that Plaintiffs are currently owed: 1) $182,190.27 in unpaid fringe benefit contributions; 2) $9,927.05 in liquidated damages; 3) $49,957.63 in interest; and 4) $76,919.57 in attorneys' fees and costs (collectively "Debt"). Accordingly, Plaintiffs and Defendant K-Cor have reached an agreement with respect to the Debt, which they seek this Court to adopt as an Agreed Order.

For good cause shown, and upon agreement of the parties, it is **ORDERED** that K-Cor:

1. Is liable for the full amount of the Debt of $318,994.52 and any other employer fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs found due and owing;

2. Is hereby prohibited pursuant to Section 502(g)(2)(E) of ERISA from future violations of Section 515 of ERISA, 29 U.S.C. § 1145, with respect to the Plaintiffs;

3. Must comply with the request of Plaintiffs' auditor to examine and review the documents necessary to complete a payroll audit -- with the costs of such accounting to be paid by K-Cor -- should the Plaintiffs determine such an audit is necessary;

4. Disgorge itself of all ill-gotten gains, including for employer fringe benefit contributions that have been wrongfully withheld from the Plaintiffs; and

5. Pay post-judgment interest pursuant to 28 U.S.C. § 1961.

The parties, through counsel, jointly agree that this is a fair and equitable resolution of the matter and believe the agreement is not unconscionable. *See* docs. 39, 39-1

**IT IS SO ORDERED.**

Date: March 3, 2016 _____ s/Thomas M. Rose _____
Thomas M. Rose
United States District Judge